```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

```
  ROBERT W. KNAAK,                        1:20-cv-07062-NLH

            Appellant,                       MEMORANDUM
                                          OPINION & ORDER
  v.


  ISABEL BALBOA,

            Appellee.
```

**APPEARANCES:**

ROBERT W. KNAAK
413 PINE AVENUE
EGG HARBOR TOWNSHIP, NJ 08234

    Appellant appearing *pro se*

ISABEL C. BALBOA
OFFICE OF THE CHAPTER 13 STANDING TRUSTEE
CHERRY TREE CORPORATE CENTER
535 ROUTE 38, SUITE 580
CHERRY HILL, NJ 08002

    Appellee appearing on her own behalf

**HILLMAN**, District Judge

    This matter has come before the Court on Appellant Robert W. Knaak's appeal of the Bankruptcy Court's Order Granting Objection to Eligibility claimed by Debtor and Conditioning Dismissal (20-11269-ABA); and

    On July 22, 2020, this Court issued an Order to Show Cause as to why Appellant's appeal of the bankruptcy court's order

should not be dismissed for his failure to file a designation of record in accordance with Fed. R. Bankr. P. 8009 (Docket No. 3); and

Appellant's response was due on August 11, 2020, but Appellant has failed to respond to the Court's Order to Show Cause or file a designation of record; and

Having provided Appellant notice of the Court's intention to dismiss the action for Appellant's failure to file a designation of record, this Court must now assess the Poulis factors to determine whether dismissal of his appeal is the proper sanction, see In re Lawson, 774 F. App'x 58, 60 (3d Cir. 2019) (requiring the district court to provide notice to an appellant that his bankruptcy appeal may be dismissed for failure to comply with Fed. R. Bankr. P. 8009, and then requiring the district court to "identify on the record why dismissal, and not some lesser sanction, [is] appropriate") (citing Poulis v. State Farm Fire & Casualty Co., 747 F.2d 863, 868 (3d Cir. 1984)); and

In Poulis, the Third Circuit outlined the following factors that should be considered prior to dismissing a case: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4)

2

whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense; and

This Court finds that Appellant's failure to comply with Fed. R. Bankr. P. 8009 and Appellant's failure to respond to this Court's Order to Show Cause demonstrates: (1) Appellant is personally responsible for his inaction as he is acting pro se; (2) Appellee is prejudiced by a civil action pending against her that Appellant fails to prosecute; (3) other than filing his notice of appeal on June 10, 2020, Appellant has failed to contact the Court or otherwise appear in this action; (4) it appears that Appellant's inaction is intentional, as there is no indication that this Court's Order to Show Cause was not successfully transmitted to Appellant; (5) no sanction other than dismissal would be effective based on Appellant's failure to respond to this Court's Order or Appellant's failure to pursue his appeal; and (6) without Appellant complying with Fed. R. Bankr. P. 8009, this Court cannot assess the merit of Appellant's appeal;

Consequently, this Court finds that the Poulis factors weigh in favor of dismissing Appellant's bankruptcy appeal;

THEREFORE,

IT IS on this ___9th___ day of ___September___, 2020

ORDERED that Appellant's appeal of the Bankruptcy Court's Order Granting Objection to Eligibility claimed by Debtor and Conditioning Dismissal is DISMISSED for Appellant's failure to comply with Fed. R. Bankr. P. 8009 and for Appellant's failure to otherwise prosecute his appeal.

At Camden, New Jersey

___s/ Noel L. Hillman___
NOEL L. HILLMAN, U.S.D.J.

4